IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


UNITED STATES OF AMERICA                                        PLAINTIFF

vs.                              Criminal No.    4:11-cr-40037-051
                                                 4:16-cr-40029-001

DEADRICK LAMAR TATUM                                            DEFENDANT


## ORDER

Before the Court is the Motion for Reconsideration (ECF No. 14)[1] filed herein by Defendant

DEADRICK LAMAR TATUM  (hereinafter "Tatum").  In these pleadings, Tatum asks the Court

to reconsider the matter of pretrial release.  The Government has responded to this request to

reconsider the issue of pretrial detention in this matter and objects to the Motion.  ECF No. 15.  This

matter has been referred to the undersigned for decision.

 For the Reasons set forth below, I find the Motion for Reconsideration (ECF No. 14) should

be **DENIED**.

### 1.  Procedural History

Tatum appeared on November 18, 2016 for an initial appearance on a revocation of his

supervised release in Case No. 4:11CR40037-51 and for an appearance on a new Indictment in Case

No. 4:16CR40029-001 charging him with a violation of Title 18 United States Code 922(g). ECF

No. 7.  Tatum initially waived the issue of detention but later requested a hearing on the matter.  A

hearing was held on December 5, 2016.  Following the hearing,  I ordered Tatum detained.  ECF

---

[1]Document numbers refer to the filings in Cause No. 4:16-cr-40029-001.  The parties filed the
same Motion for Reconsideration and Response in both of these cases.

-1-

Nos. 12 and 13.

### 2.  Instant Motion:

On December 12, 2015, Tatum filed the instant Motion stating:

> Defendant has known medical conditions that require daily administration of medication. Prior to his arrest, Defendant had not taken this medication and at the time this motion was drafted, had not yet been stabilized. That since the order of detention was filed, a bed space has been made available for Defendant at Riverview Behavioral Health in Texarkana for inpatient treatment. Defendant therefore respectfully requests this Court reconsider the Defendant's status and order him released to in-patient treatment, or schedule an additional hearing on the matter.

ECF No. 14.  The Government responded asserting that even if true, none of the foregoing addressed the issues of danger to others or the community at large or Tatum's risk of flight if he were released.

### 3.  Discussion:

When considering a defendant's request to submit additional information relevant to the issue of release or detention, the Court is guided by 18 U.S.C. § 3142.  Section 3142 provides in part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).  I have reviewed Tatum's Motion and will assume the facts he asserts therein are true, i.e., he could be admitted to the Riverview Behavioral Health facility in Texarkana.   He asserts admission to this facility would assure he takes prescribed medication as directed.  While he does not claim such in the Motion, the Court assumes he asserts regular medication would make a difference in the Court's previous finding of danger and risk of flight.   However, none of the information submitted, even if true, "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any

other person and the community."  The U.S. Marshal is responsible for providing adequate medical care to all pretrial detainees.  Tatum will receive his prescribed medication while in detention and does not require admission to an inpatient facility for this to occur.

My prior finding that Tatum, based on his multiple prior failures to follow conditions of release or supervision, would not follow any conditions placed on him by this Court now is still valid.  Tatum has shown no willingness to follow any terms of release in the short time he has previously been released.  Further, based on his history of violence, there is evidence, from the earlier detention hearing, Tatum would be a danger to the safety of the workers and others seeking treatment within the facility he now desires to be released to.

**4.  Conclusion**:

Tatum's ability to be admitted to the inpatient behavioral health facility is not information or evidence material to whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.  Accordingly, his Motion for Reconsideration (ECF No. 14) is **DENIED**.  Tatum is ordered **DETAINED** without bond until trial in this matter.

**ENTERED this 4th day of January 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE